Duval & Stachenfeld LLP
Attorneys for Defendant-Garnishee
By:  Allan N. Taffet, Esq. (AT-5181)
Timothy J. Pastore, Esq. (TP-1827)
300 East 42nd Street
New York, New York 10017
Tel. No.: (212) 883-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| THE ESTATE OF AHARON ELLIS, LESLYE KNOX individually, as the administrator of the Estate of Aharon Elllis and as natural guardian of plaintiffs Jordan Terrell Ellis, Reuven Carter, Shanon Carter, Shayrah Carter, Yoshavyah Carter and Amitai Carter, JORDAN TERRELL ELLIS, minor, REUVEN CARTER, minor, SHANON CARTER, minor, SHAYRAH CARTER, minor, YOSHAVYAH CARTER, minor, AMITAI CARTER, minor, by their next friend and guardian, Leslye Knox, TSAPHRIRAH ELLIS, PRINCE SHALEAK, MELLONEE ELLIS, FRANCINE ELLIS, LYNNE ELLIS, YIHONADAV ELLIS, and ARON CARTER,<br><br>              Plaintiffs-Judgment Creditors<br><br>       - against -<br><br>SWISS AMERICAN SECURITIES INC.,<br><br>              Defendant-Garnishee. | 07 Civ. 3952 (VM)(THK) |

_____

## **DEFENDANT-GARNISHEE SWISS AMERICAN SECURITIES INC.'S ANSWER**

Defendant-Garnishee Swiss American Securities Inc. ("SASI"), by its attorneys, Duval & Stachenfeld LLP, answers the Complaint (the "Complaint") as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 10-18, 21-24, 26, 32-36, 39-41 and 53-55 of the Complaint.

2. Denies the allegations contained in paragraphs 3, 28 and 31 of the Complaint.

3. With respect to the allegations contained in paragraphs 4-9, 29, 37, 42-50, 52, 56 and 57 of the Complaint, SASI states that the allegations constitute legal characterizations to which no responses are required; to the extent responses are required, SASI denies the allegations contained in paragraphs 4-9, 29, 37, 42-50, 52, 56 and 57 of the Complaint.

4. Denies the allegations contained in paragraph 19 of the Complaint, except admits that it is a New York corporation with an office at 12 East 49th Street, New York, New York.

5. With respect to the allegations contained in paragraph 20 of the Complaint, admits only that SASI's principal place of business is in New York City.

6. With respect to the allegations contained in paragraph 25 of the Complaint, SASI respectfully refers the Court to the Decision and Order and Judgment referred to therein for the true and correct contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

7. With respect to the allegations contained in paragraph 27 of the Complaint, SASI respectfully refers the Court to the Order and letter referred to therein for the true and correct contents thereof, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

8. With respect to the allegations contained in paragraphs 30, 38 and 51 of the Complaint, SASI incorporates by reference its responses to each of the above paragraphs as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

9. Plaintiffs' claims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

10. Plaintiffs failed to name an indispensable party (the Palestinian Pension Fund for the State Administrative Employees in the Gaza Strip) pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

11. Plaintiffs' claims are barred, in whole or in part, by laches, estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

12. Plaintiffs' claims are barred, in whole or in part, because any claims or damages asserted by plaintiff are the result of acts or omissions of third-parties or events over whom or which defendant has no control.

## FIFTH AFFIRMATIVE DEFENSE

13. SASI is a mere stakeholder with respect to the assets that are the subject of the Complaint.

WHEREFORE, SASI respectfully requests that the Court:

    A.    Dismiss the Complaint with prejudice;

    B.    Award SASI its costs, disbursements and attorneys' fees; and

    C.    Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 11, 2007

                              Duval & Stachenfeld LLP
                              Attorneys for Defendant
                              Swiss American Securities Inc.

                By:    /S/ Allan N. Taffet
                        Allan N. Taffet, Esq. (AT-5181)
                        Timothy J. Pastore, Esq. (TP-1827)
                        300 East 42nd Street
                        New York, New York 10017
                        Tel. No.: (212) 883-1700